IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY J. ROSS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1341-B |
| | § | |
| MELVIN CARSON BRUDER | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Mary J. Ross, an inmate in the Dallas County Jail,[1] against her former attorney. On July 15, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were also sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on September 23, 2009. The court now determines that this case should be summarily dismissed as frivolous.

---

[1] Plaintiff filed this action before her most recent incarceration.

II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial on two charges of aggravated assault with a deadly weapon and two charges of reckless driving. As best the court can decipher her pleadings, plaintiff appears to allege that her former attorney, Melvin Carson Bruder, violated her constitutional rights by: (1) sharing confidential medical records with another lawyer and a court clerk, (2) verbally abusing her during an office visit, and (3) telling plaintiff that she was mentally incompetent to stand trial. (*See* Mag. J. Interrog. #2). By this suit, plaintiff seeks more than $150,000 in damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim on which relief may be granted; or

(3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff has failed to state a cognizable federal civil rights claim against her former attorney. Neither appointed nor retained counsel acts "under color of state law" in representing a defendant in the course of a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981); *Combs v. City of Dallas*, 289 Fed.Appx. 684, 687, 2008 WL 2831267 at *2 (5th Cir. Jul. 23, 2008). Because Bruder is not a "state actor," he cannot be sued for civil rights violations under 42 U.S.C. § 1983.[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[2] To the extent plaintiff attempts to sue Bruder for professional negligence and slander under Texas law, the court lacks subject matter jurisdiction over those claims.

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE